# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON MCCARTHY, )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>PORTFOLIO RECOVERY )<br>ASSOCIATES, LLC, a wholly-owned )<br>subsidiary of PORTFOLIO )<br>RECOVERY ASSOCIATES, INC., )<br>)<br>    Defendant ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

SHARON MCCARTHY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Delaware; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at: 120 Corporate Boulevard in Norfolk, Virginia, 23502.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and repeatedly contacted Plaintiff in its attempts to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

14. The alleged debt arose from financial obligations primarily for personal, family, or household purposes.

15. Plaintiff has a cellular telephone number that she has had for more than one year.

16. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

17. Plaintiff never gave permission to Defendant to call her cellular telephone.

18. Plaintiff never furnished Defendant with her cell number and never authorized Defendant to call her.

19. Beginning in or around June 2014, and continuing through October 2015, Defendant called Plaintiff on her cellular telephone.

20. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

21. Plaintiff knew that she was receiving automated calls, as when she would answer the telephone she would hear a computerized voice announcing that the call was "an attempt to collect a debt."

22. Defendant called Plaintiff looking for a third person, Deirdre Ryan.

23. Plaintiff is not Deirdre Ryan, and Deirdre Ryan cannot be contacted by calling Plaintiff's cellular telephone.

24. Defendant's telephone calls were not made for "emergency purposes."

25. When the calls first started, in or around June 2014, Plaintiff spoke with Defendant to tell them to stop calling her, as she was not the person they were looking for.

26. Defendant heard and acknowledged Plaintiff's instructions to stop

calling and revocation, stating, "ok, we're sorry."

27. Defendant, however, it did not update its records to cease calling Plaintiff's cellular telephone.

28. Defendant continued to call Plaintiff's cellular telephone, calling as frequently as one (1) to six (6) times a day.

29. Subsequently, in order to try to stop the repeated calls, Plaintiff provided Defendant with Deirdre Ryan's telephone number and address.

30. Nevertheless, Defendant persisted calling Plaintiff about another person's debt.

31. Further, Defendant called Plaintiff at times when it was inconvenient for her to receive calls, calling after 9:00 p.m., while she was at work, and while she was caring for her children.

32. Once Defendant was aware that it was calling the wrong person, there was no purpose for further calls, other than harassment.

33. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**
**COUNT I**
**<u>DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA</u>**

34. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

35. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

36. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's telephone number, on average one (1) to six (6) times a day, continued to call Plaintiff after being told to stop calling, and called her at inconvenient times, including after 9:00 a.m., while she was at work, and while she was caring for her children.

## COUNT II
## **DEFENDANT VIOLATED §1692f OF THE FDCPA**

37. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

38. Defendant violated § 1692f when it failed to update its records to cease all calls to Plaintiff's cellular telephone.

## **DEFENDANT VIOLATED THE**
## **TELEPHONE CONSUMER PROTECTION ACT**

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

39. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

40. Defendant's calls to Plaintiff were not made for emergency purposes.

41. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

42. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

43. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

44. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SHARON MCCARTHY, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h.    Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHARON MCCARTHY, demands a jury trial in this case.

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  

                              RESPECTFULLY SUBMITTED,

                              KIMMEL & SILVERMAN, P.C.

Date:  1/21/2016              By: <u>W. Christopher Componovo</u>  
                                  W. Christopher Componovo  
                                  Attorney ID #3234  
                                  Kimmel & Silverman, P.C.  
                                  Silverside Carr Executive Center  
                                  Suite 118, 501 Silverside Road  
                                  Wilmington, DE 19809  
                                  Phone: (302) 791-9373  
                                  Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT